**WATERMAN BROADCASTING COR-PORATION, a Florida corporation, d/b/a WZVN–TV, Plaintiff,**

v.

**FORT MYERS BROADCASTING COMPANY, a Florida corporation, d/b/a WINK–TV, Defendant.**

No. 98–544–CIV–FTM–22D.

United States District Court, M.D. Florida, Fort Myers Division.

April 1, 1999.

Michael Brian Cheffer, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Fort Myers, FL, for Plaintiff.

Jennifer L. Whitelaw, Law Office of Jennifer L. Whitelaw, Naples, FL, for Defendant.

## ORDER

CONWAY, District Judge.

This cause comes before the Court for consideration of the Plaintiff's Motion for Preliminary Injunction (Dkt.9), filed on February 12, 1999.

The Plaintiff, Waterman Broadcasting Corporation ("WZVN"), and the Defendant, Fort Myers Broadcasting Company ("WINK"), are competing television stations which both currently use the service mark "11 at 11:00" to denote eleven uninterrupted minutes of news at 11:00 p.m. WZVN sues WINK for alleged false representations and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). WZVN also asserts state law claims of statutory and common law service mark infringement, common law unfair competition, and statutory injury to business reputation and dilution, and seeks an accounting.

"In order to secure a preliminary injunction, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction would not disserve the public interest." *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir.1998). Applying this standard to the facts presented in the parties' submissions, the Court determines that WZVN has not demonstrated that it is entitled to a preliminary injunction.[1]

In response to WZVN's motion, WINK has submitted evidence that it was the first user of the mark at issue, that a New York television station obtained a federal service mark registration of the mark "11 at Eleven" on August 29, 1995, and that in December 1998 the New York station granted WINK a license to use that mark. These submissions cast doubt on WZVN's ability to succeed on its claims in this suit. Further, the prior federal registration of "11 at Eleven" and WINK's earlier use of the mark at issue call into question the validity of the Florida service mark registration WZVN obtained on November 9, 1998. Based on this evidence, the Court determines that WZVN has not demonstrated that it enjoys a substantial likelihood of success on the merits of its claims, that it will suffer irreparable injury absent the issuance of a preliminary injunction, that the threatened injury to WZVN outweighs the harm an injunction may cause WINK, or that granting an injunction would not disserve the public interest.

Based on the foregoing, it is ORDERED that the Plaintiff's Motion for Preliminary Injunction (Dkt.9), filed on February 12, 1999, is DENIED.

DONE AND ORDERED.

---

1. Since the relevant facts are not in dispute, a hearing is unnecessary. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir.), *cert. denied*, 519 U.S. 821, 117 S.Ct. 77, 136 L.Ed.2d 36 (1996); *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir.1984).